IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| ELLEN M. McCRACKEN, | 10-CV-937-ST |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| PORTLAND GENERAL ELECTRIC, et al., | |
| Defendants. | |

ELLEN M. MCCRACKEN
14717 S.E. Linden Ln
Milwaukie, OR 97267-1250
(503) 786-7710

    Plaintiff, *Pro Se*

**JOHN KROGER**

1 - OPINION AND ORDER

Attorney General
**ALBERT C. DEPENBROCK**
Assistant Attorney General
Department of Justice
1162 Court Street, N.E.
Salem, OR 97301-4096
(503) 947-4700

>     Attorneys for Defendants Public Utility Commission of Oregon; Melissa Torgerson; Bruce Goldberg, M.D.; Gene Sundet; and Theodore R. Kulongoski

**STEPHEN A. REDSHAW**
Associate General Counsel
Portland General Electric
121 S.W. Salmon Street
Portland, Oregon  97204
(503) 464-2559

>     Attorneys for Defendant Portland General Electric

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Ellen M. McCracken's *pro se*[1] Motion (#27) for Reconsideration and Motion (#45) for TRO Preliminary Injunction to Reinstate Electrical Service and to Cease and Desist from Shut Off of Power until Final Disposition of Case.

---

[1] Plaintiff proceeds *pro se* in this matter only after the Court appointed *pro bono* counsel on August 25, 2010; September 14, 2010; September 22, 2010; and September 29, 2010. Three of the Court appointed attorneys advised the Court they had conflicts and the fourth declined representation after conducting a review and investigation of Plaintiff's claims.

2 - OPINION AND ORDER

## BACKGROUND

In August 2010 Plaintiff filed a motion seeking a temporary restraining order (TRO) requiring Defendant Portland General Electric (PGE) to return power service to her residence. On August 13, 2010, the Court held a hearing on Plaintiff's motion seeking a TRO and denied it on the ground that there was not any basis in the record to conclude the Court had subject-matter jurisdiction to enter the requested TRO.

On August 16, 2010, Plaintiff filed a Motion for the Court to Vacate its August 13, 2010 Order, which the Court construed as a Motion for Reconsideration. On August 17, 2010, the Court entered an Order granting Plaintiff's Motion for Reconsideration (to the extent that the Court did reconsider its prior ruling) but ultimately adhering to that prior ruling. The Court noted:

> Despite references to various federal laws, Plaintiff's Complaint is fairly limited to a billing dispute with Defendants, and Plaintiff has not shown that she challenges or seeks to enforce any federal or constitutional law. Although Plaintiff now contends she is pursuing a claim for equal access to government services under the Americans with Disabilities Act, the record reflects Plaintiff was provided with the maximum amount of energy assistance for which she was eligible and that those funds were managed and dispersed through state and county assistance programs. As the Court noted at the August 13, 2010, hearing, the Court is not dismissing this action as a whole but holds only that this Court does not have jurisdiction on the record before it to rule on a TRO. All other pending matters will be considered in due course by Magistrate Judge Janice M. Stewart.

3 - OPINION AND ORDER

On November 8, 2010, Plaintiff filed a document titled Amended 10/21/2010 Basis of Jurisdiction: Federal Question of Constitutionality of Corporate & Regulatory Rules & Procedures, which the Court construed as a Motion for Reconsideration of the Court's August 17, 2010, Order denying her motion seeking a TRO.

On November 17, 2010, the Court held a telephone conference with Plaintiff[2] and thereafter issued a Minute Order in which it found:

> If Plaintiff wishes to proceed with this matter, Plaintiff must begin the process to effect service on Defendants. Specifically, Plaintiff must complete a Summons for each Defendant and deliver to the Clerk of Court for each Defendant the Summons together with a copy of Plaintiff's pleadings. At Plaintiff's request, the Court extends the deadline for Plaintiff to make these submissions from 12/1/10 to no later than January 7, 2011. . . . After Plaintiff submits these service documents to the Clerk of Court, the Clerk will request the U.S. Marshal to serve each Defendant with said documents. If Plaintiff does not complete a Summons for each Defendant and provide the Summons and a copy of Plaintiff's pleadings for each Defendant to the Clerk of Court by January 7, 2011, this matter will be dismissed.

On January 7, 2011, Plaintiff filed an Amended Complaint. On January 20, 2011, returns of service were filed as to all Defendants.

On January 26, 2011, Plaintiff filed a Motion for TRO Preliminary Injunction to Reinstate Electrical Service and to

---

[2] No defending party participated in the conference because Plaintiff had not effected service on any Defendant.

4 - OPINION AND ORDER

Cease and Desist from Shut Off of Power until Final Disposition of Case.

On January 28, 2010, the Court heard oral argument on Plaintiff's motion seeking a TRO and denied it on the record. Counsel for Defendants PGE, PUC, Torgerson, Goldberg, Sundet, and Kulongoski appeared.

**STANDARDS**

A party seeking a preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). "The elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance For The Wild Rockies v. Cottrell*, No. 09-35756, 2011 WL 208360 at *4 (9th Cir. Jan. 25, 2011)(citing *Winter*, 129 S. Ct. at 392). Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff

also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at *7.

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 376, 381.

Of course, the Court must in the first instance have jurisdiction to grant injunctive relief. *See Taylor v. Westly*, 488 F.3d 1197, 1202 (9th Cir. 2007). *See also Global Verge, Inc. v. Rodgers*, No. 2:10-cv-01360-RLH-RJJ, 2011 WL 70611, at *8 (D. Nev. Jan. 7, 2011)("The Court cannot issue a temporary restraining order or a preliminary injunction against parties over which it does not have personal jurisdiction.").

## DISCUSSION

In her January 26, 2011, motion seeking a TRO, Plaintiff refers the Court to her Amended Complaint to establish this Court has subject-matter jurisdiction. In her Amended Complaint, Plaintiff alleges (1) she receives energy assistance from the state and federal government (specifically, the federal government "contracts" with the State of Oregon on the Low Income Home Energy Assistance Program (LIHEAP)); (2) PGE "denies proper use of LIHEAP funding to keep plaintiff safe at home," and, in this manner, PGE is denying her services by reason of her

6 - OPINION AND ORDER

disability in violation of Title II of the ADA; and (3) PGE has shut off her power without cause and "for purposes of discrimination to harm by retaliation by cause of monetary loss and potential death."

Plaintiff also alleges numerous facts about PGE turning off her power and improperly billing her, which, in summary, suggest PGE turned off Plaintiff's power for lack of payment in spite of the fact that she believes her PGE power bills have been paid in full through the combination of Plaintiff's own funds plus funds provided to the State of Oregon by LIHEAP.  Plaintiff also alleges "banking fraud" by PGE because it automatically deducted $498 from Plaintiff's checking account even though Plaintiff authorized deductions of only $20 per month.  Plaintiff further alleges "Racketeering of Federal Funds" by PGE because it "appears to double charges [*sic*] for power, thereby collecting from the state and federal government with out [*sic*] applying the funds to the recipients of LIHEAP and then fraudulently disconnects power on the disabled in poverty."

In her motion seeking a TRO, Plaintiff alleges PGE recently turned off her power again and did so improperly, and Plaintiff seeks an order to restore her power and to prohibit PGE from turning off her power in the future.  Again, however, Plaintiff does not make sufficient allegations to establish this Court has subject-matter jurisdiction to issue a TRO restoring her power

7 - OPINION AND ORDER

and prohibiting PGE from turning off her power again.

Although Plaintiff alleges in her Amended Complaint that PGE turned off her power due to the fact that Plaintiff is disabled, Plaintiff fails to allege any facts to support that allegation is even plausible.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In fact, Plaintiff alleges a number of times in her Amended Complaint and in her TRO that PGE turned off her power due to a failure to pay her bill arising from an alleged misallocation of LIHEAP funds.

As the Court noted during oral argument, Oregon law sets out a process for addressing disputes with utilities related to turning off power and as to billing matters, including review of administrative proceedings by the state court.  Specifically, Oregon Administrative Rule 860-021-0015(1) and (2) provide:

> (1) When a dispute occurs between a customer . . . and a utility about any bill, charge, or service, the utility shall thoroughly investigate the matter and promptly report the results of its investigation to the customer.
>
> * * *
>
> (2) The utility shall inform the customer or applicant of the right to supervisory review of any dispute. . . .  If a dispute is not resolved, the utility shall notify the customer or applicant of the [Public Utility] Commission's dispute resolution procedure.

Rule 860-021-0015(5) provides:  "If a registered dispute cannot be resolved informally, the [Public Utility] Commission's Consumer Services Division shall advise the complainant of the

8 - OPINION AND ORDER

right to file a formal written complaint with the Commission." After the complaint is filed and the utility answers, "[t]he matter shall then be set for expedited hearing." *Id*.

If the Public Utility Commission (PUC) fails to act or the customer disagrees with PUC's action, the customer may file a lawsuit against PUC pursuant to Oregon Revised Statute § 183.484. *Isom v. Portland Gen. Elec. Co.*, 67 Or. App. 97, 103 (1984)("If the Commissioner fails or refuses to act, the customer may petition the court to compel him to act pursuant to ORS 183.490;[3] or, if the Commissioner acts and the customer disagrees with the action or results, the customer may file suit against the Commissioner pursuant to . . . 183.484.").

In turn, Oregon Revised Statute § 183.484(1) provides:

> Jurisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has a principal business office.  Proceedings for review under this section shall be instituted by filing a petition in the Circuit Court for Marion County or the circuit court for the county in which the petitioner resides or has a principal business office.

Accordingly, under Oregon law, jurisdiction for Plaintiff's immediate billing and service disputes with PGE lies either with the Marion County Circuit Court or the circuit court for the

---

[3] Oregon Revised Statute § 183.490 provides:  "The court may, upon petition as described in ORS 183.484, compel an agency to act where it has unlawfully refused to act or make a decision or unreasonably delayed taking action or making a decision."

9 - OPINION AND ORDER

county in which Plaintiff resides; *i.e.*, jurisdiction for that dispute does not lie with this Court.  At the hearing on Plaintiff's Motion, the Court brought these statutory provisions to Plaintiff's attention and, when asked if she had pursued these processes, Plaintiff acknowledged she had not and insisted she was not required to "exhaust administrative remedies" before asking this federal Court for relief.  Although Plaintiff may bring an ADA discrimination claim in federal court, and, assuming without deciding that she is not required to exhaust administrative remedies in order to litigate her discrimination claim generally, a necessary party to the "billing dispute" at the heart of her Motion for a TRO is the Oregon PUC, an entity whose conduct on such an issue is within the ambit of Oregon Revised Statute § 183.484(1).  Moreover, the Court notes the Oregon Defendants have moved to dismiss this action against them on the basis of Eleventh-Amendment immunity.  *See* Motion (#47) to Dismiss filed January 27, 2011.  Although that Motion will first be addressed by Magistrate Judge Stewart, it is clearly conceivable that the subject-matter jurisdiction issues that this Court identifies are exacerbated by the immunity defenses the Oregon Defendants seek to advance.

    Thus, while Plaintiff's Motion for a TRO seeks an order requiring PGE to restore her power and to prohibit PGE from turning off her power in the future, this Court concludes

10 - OPINION AND ORDER

jurisdiction for the "billing dispute" at the heart of Plaintiff's Motion for a TRO is limited to a state court as described in Oregon Revised Statute § 183.484(1), and, therefore, the Court does not have jurisdiction to address those issues within the context of Plaintiff's motion seeking a TRO.

In any event, the Court notes Plaintiff advised the Court at oral argument that PGE had, in fact, restored her power supply before the hearing.  Accordingly, Plaintiff has not established any imminent risk that she will suffer irreparable injury if the injunctive relief she seeks (*i.e.,* return of her power) is not granted.

On this record the Court continues to conclude it does not have subject-matter jurisdiction to rule on Plaintiff's motion seeking a TRO to restore power when the basis for such a motion is a "billing dispute" over which only a state circuit court has jurisdiction.  In any event, Plaintiff has not established a sufficient basis for this Court to enter a TRO or a preliminary injunction.  Accordingly, the Court denies Plaintiff's Motion for Reconsideration of the Court's August 17, 2010, Order denying her motion seeking a TRO and also denies Plaintiff's January 26, 2011, motion seeking a TRO.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#27)

11 - OPINION AND ORDER

for Reconsideration and Plaintiff's Motion (#45) for TRO Preliminary Injunction to Reinstate Electrical Service and to Cease and Desist from Shut Off of Power until Final Disposition of Case.

    IT IS SO ORDERED.

    DATED this 4th day of February, 2010.

    /s/ Anna J. Brown

    _____
ANNA J. BROWN
United States District

12 - OPINION AND ORDER