IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ELLEN M. McCRACKEN,                              10-CV-937-ST

      Plaintiff,

                                 OPINION AND ORDER

v.

PORTLAND GENERAL ELECTRIC, et
al.,

      Defendants.

ELLEN M. MCCRACKEN
14717 S.E. Linden Lane
Milwaukie, OR 97267-1250
(503) 786-7710

      Plaintiff, *Pro Se*
JOHN KROGER

1 - OPINION AND ORDER

Attorney General
**JUSTIN E. KIDD**
Assistant Attorney General
Department of Justice
1162 Court Street, N.E.
Salem, OR 97301-4096
(503) 947-4700

       Attorneys for Defendants Public Utility Commission of
       Oregon; Melissa Torgerson; Bruce Goldberg, M.D.; Gene
       Sundet; and Theodore R. Kulongoski

**LISA A. KANER**
**DALLAS S. DELUCA**
Markowitz Herbold Glade & Mehlhaf, PC
1211 S.W. Fifth Avenue
Suite 3000
Portland, OR 97204
(503) 295-3085

       Attorneys for Defendant Portland General Electric


**BROWN, Judge.**

This matter comes before the Court on Plaintiff Ellen M. McCracken's *pro se* Motion (#73) for A Court Order of Preliminary Injunction of Status Quo Pendent Lite & Restraining Order on PGE Shut Off of Electric Service: 04/18/2011. For the reasons that follow, the Court **DENIES** the Motion.


<u>**BACKGROUND**</u>

In August 2010 Plaintiff filed a motion seeking a temporary restraining order (TRO) requiring Defendant Portland General Electric (PGE) to return power service to her residence. On August 13, 2010, the Court held a hearing on Plaintiff's Motion

2 - OPINION AND ORDER

and denied it on the ground that there was not any basis in the record to conclude that the Court had subject-matter jurisdiction to enter the requested TRO.

On August 16, 2010, Plaintiff filed a Motion for the Court to Vacate its August 13, 2010, Order, which the Court construed as a Motion for Reconsideration.  On August 17, 2010, the Court entered an Order granting Plaintiff's Motion for Reconsideration to the extent that the Court would reconsider its prior ruling, but ultimately the Court adhered to its prior ruling.  The Court noted:

> Despite references to various federal laws, Plaintiff's Complaint is fairly limited to a billing dispute with Defendants, and Plaintiff has not shown that she challenges or seeks to enforce any federal or constitutional law.  Although Plaintiff now contends she is pursuing a claim for equal access to government services under the Americans with Disabilities Act, the record reflects Plaintiff was provided with the maximum amount of energy assistance for which she was eligible and that those funds were managed and dispersed through state and county assistance programs.  As the Court noted at the August 13, 2010, hearing, the Court is not dismissing this action as a whole but holds only that this Court does not have jurisdiction on the record before it to rule on a TRO.  All other pending matters will be considered in due course by Magistrate Judge Janice M. Stewart.

On November 8, 2010, Plaintiff filed a document titled Amended 10/21/2010 Basis of Jurisdiction:  Federal Question of Constitutionality of Corporate & Regulatory Rules & Procedures, which the Court construed as a Motion for Reconsideration of the

Court's August 17, 2010, Order denying her Motion seeking a TRO.

On November 17, 2010, the Court held a telephone conference with Plaintiff and thereafter issued an Order in which it found:

> If Plaintiff wishes to proceed with this matter, Plaintiff must begin the process to effect service on Defendants. Specifically, Plaintiff must complete a Summons for each Defendant and deliver to the Clerk of Court for each Defendant the Summons together with a copy of Plaintiff's pleadings. At Plaintiff's request, the Court extends the deadline for Plaintiff to make these submissions from 12/1/10 to no later than January 7, 2011. . . . After Plaintiff submits these service documents to the Clerk of Court, the Clerk will request the U.S. Marshal to serve each Defendant with said documents. If Plaintiff does not complete a Summons for each Defendant and provide the Summons and a copy of Plaintiff's pleadings for each Defendant to the Clerk of Court by January 7, 2011, this matter will be dismissed.

On January 7, 2011, Plaintiff filed an Amended Complaint. On January 20, 2011, Returns of Service were filed as to all Defendants.

On January 26, 2011, Plaintiff filed a Motion for TRO Preliminary Injunction to Reinstate Electrical Service and to Cease and Desist from Shut Off of Power until Final Disposition of Case.

On January 28, 2010, the Court heard oral argument on Plaintiff's Motion seeking a TRO and denied it on the record.

On February 7, 2011, the Court issued an Opinion and Order denying Plaintiff's Motion for Reconsideration and Plaintiff's Motion for TRO Preliminary Injunction to Reinstate Electrical

Service and to Cease and Desist from Shut Off of Power until
Final Disposition of Case on the grounds that (1) the Court does
not have jurisdiction to address the billing dispute that is at
the heart of Plaintiff's Motions within the context of a TRO and
(2) Plaintiff advised the Court that PGE had restored her power
supply, and, therefore, Plaintiff did not establish any imminent
risk that she would suffer irreparable injury if the injunctive
relief she sought was not granted.

On April 18, 2011, Plaintiff filed the instant Motion
seeking a preliminary injunction related to PGE's alleged
withholding of "deposits in the amount of $458.00."

## STANDARDS

A party seeking a preliminary injunction must demonstrate
(1) it is likely to succeed on the merits, (2) it is likely to
suffer irreparable harm in the absence of preliminary relief,
(3) the balance of equities tips in its favor, and (4) an
injunction is in the public interest.  *Winter v. Natural Res.
Def. Council*, 129 S. Ct. 365, 374 (2008).  "The elements of the
preliminary injunction test are balanced, so that a stronger
showing of one element may offset a weaker showing of another.
For example, a stronger showing of irreparable harm to plaintiff
might offset a lesser showing of likelihood of success on the
merits."  *Alliance For The Wild Rockies v. Cottrell*, No.

5 - OPINION AND ORDER

09-35756, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011)(citing
*Winter*, 129 S. Ct. at 392).  Accordingly, the Ninth Circuit has
held "'serious questions going to the merits' and a balance of
hardships that tips sharply towards the plaintiff can support
issuance of a preliminary injunction, so long as the plaintiff
also shows that there is a likelihood of irreparable injury and
that the injunction is in the public interest." *Id*., at *7.

    "An injunction is a matter of equitable discretion" and is
"an extraordinary remedy that may only be awarded upon a clear
showing that the plaintiff is entitled to such relief." *Winter*,
129 S. Ct. at 376, 381.

    In the first instance, however, the Court must have
jurisdiction to grant injunctive relief. *See Taylor v. Westly*,
488 F.3d 1197, 1202 (9th Cir. 2007). *See also Global Verge, Inc.
v. Rodgers*, No. 2:10-cv-01360-RLH-RJJ, 2011 WL 70611, at *8 (D.
Nev. Jan. 7, 2011)("The Court cannot issue a temporary
restraining order or a preliminary injunction against parties
over which it does not have personal jurisdiction.").

### DISCUSSION

    As the Court has noted at oral argument and in its
February 7, 2011, Opinion and Order, Oregon law sets out a
process for addressing disputes with utilities related to turning
off power and billing matters, including review of administrative

6 - OPINION AND ORDER

proceedings by the state court.  Specifically, Oregon

Administrative Rule 860-021-0015(1) and (2) provide:

> (1) When a dispute occurs between a customer . . .
> and a utility about any bill, charge, or service,
> the utility shall thoroughly investigate the
> matter and promptly report the results of its
> investigation to the customer.
>
> * * *
>
> (2) The utility shall inform the customer or
> applicant of the right to supervisory review of
> any dispute. . . .  If a dispute is not resolved,
> the utility shall notify the customer or applicant
> of the [Public Utility] Commission's dispute
> resolution procedure.

Rule 860-021-0015(5) provides:  "If a registered dispute cannot

be resolved informally, the [Public Utility] Commission's

Consumer Services Division shall advise the complainant of the

right to file a formal written complaint with the Commission."

After the complaint is filed and the utility answers, "[t]he

matter shall then be set for expedited hearing."  *Id.*

   If the Public Utility Commission (PUC) fails to act or the

customer disagrees with PUC's action, the customer may file a

lawsuit against PUC pursuant to Oregon Revised Statute

§ 183.484.  *Isom v. Portland Gen. Elec. Co.*, 67 Or. App. 97, 103

(1984)("If the Commissioner fails or refuses to act, the customer

may petition the court to compel him to act pursuant to ORS

7 - OPINION AND ORDER

183.490;[1] or, if the Commissioner acts and the customer disagrees
with the action or results, the customer may file suit against
the Commissioner pursuant to . . . 183.484.").

In turn, Oregon Revised Statute § 183.484(1) provides:

> Jurisdiction for judicial review of orders other
> than contested cases is conferred upon the Circuit
> Court for Marion County and upon the circuit court
> for the county in which the petitioner resides or
> has a principal business office.  Proceedings for
> review under this section shall be instituted by
> filing a petition in the Circuit Court for Marion
> County or the circuit court for the county in
> which the petitioner resides or has a principal
> business office.

Accordingly, under Oregon law jurisdiction for Plaintiff's
immediate billing and service disputes with PGE lies either with
the Marion County Circuit Court or the circuit court for the
county in which Plaintiff resides; *i.e.*, jurisdiction for that
dispute does not lie with this Court.  At the hearing on
Plaintiff's last Motion, the Court brought these statutory
provisions to Plaintiff's attention.  When asked whether she had
pursued these processes, Plaintiff acknowledged she had not done
so.  Plaintiff also does not assert in her current Motion that
she has pursued these administrative remedies.

Moreover, the Court notes all Defendants have moved to
dismiss the claims against them.  Magistrate Judge Stewart

---

[1] Oregon Revised Statute § 183.490 provides:  "The court
may, upon petition as described in ORS 183.484, compel an agency
to act where it has unlawfully refused to act or make a decision
or unreasonably delayed taking action or making a decision."

recently entered an Order permitting Plaintiff to file a
Supplemental Response to Defendants' Motions and noted she will
take both Motions under advisement on May 9, 2011.

In her latest Motion for a Preliminary Injunction, Plaintiff
once again asserts claims related to her billing dispute with
PGE.  Accordingly, this Court again concludes jurisdiction for
the "billing dispute" at the heart of Plaintiff's Motion for
Preliminary Injunction is limited to a state court pursuant to
Oregon Revised Statute § 183.484(1), and, therefore, this Court
does not have jurisdiction to address those issues within the
context of Plaintiff's Motion for Preliminary Injunction.

In addition, Plaintiff notes in her Motion that a
representative from PGE has informed her that "PGE has no
intention" of shutting off Plaintiff's power "at this time."
Accordingly, Plaintiff has not established any imminent risk that
she will suffer irreparable injury if the injunctive relief she
seeks is not granted.

On this record the Court again concludes it does not have
subject-matter jurisdiction to rule on Plaintiff's Motion for
Preliminary Injunction when the basis for her Motion is a
"billing dispute" over which only a state circuit court has
jurisdiction.  In any event, Plaintiff has not established a
sufficient basis for this Court to enter a preliminary

9 - OPINION AND ORDER

injunction.  Accordingly, the Court denies Plaintiff's Motion for Preliminary Injunction.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#73) for A Court Order of Preliminary Injunction of Status Quo Pendent Lite & Restraining Order on PGE Shut Off of Electric Service: 04/18/2011.

The Court **ADVISES** Plaintiff that it will not address any further motions seeking temporary injunctive relief related to Plaintiff's billing dispute at least until Magistrate Judge Stewart issues Findings and Recommendation related to Defendants' pending Motions to Dismiss.

IT IS SO ORDERED.

DATED this 19th day of April, 2011.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


10 - OPINION AND ORDER